**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-1024**

YUNSONG ZHAO,

       Plaintiff - Appellant,

    v.

JAMES C. MCCLAIN, in his individual capacity; BRIAN WILSON, in his individual capacity,

       Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Michael F. Urbanski, Chief District Judge. (7:19-cv-00538-MFU-RSB)

Submitted: March 24, 2022               Decided: March 28, 2022

Before MOTZ, WYNN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Mario B. Williams, Dallas LePierre, NDH LLC, Atlanta, Georgia, for Appellant. Mark R. Herring, Attorney General, Sylvia C. Jones, Deputy Attorney General, Kay Heidbreder, University Legal Counsel and Senior Assistant Attorney General, M. Hudson McClanahan, Associate University Legal Counsel and Assistant Attorney General, Michelle S. Kallen, Acting Solicitor General, Brittany Jones, Deputy Solicitor General, Jessica Merry Samuels, Counsel to the Attorney General, Kendall T. Burchard, John Marshall Fellow, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia; Jeremy E. Carroll, GUYNN WADDELL CARROLL & LOCKABY, P.C.,

Salem, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yunsong Zhao filed a civil complaint under 42 U.S.C. § 1983 against Defendants James C. McClain and Brian Wilson, asserting claims of malicious prosecution, due process violations, and a civil conspiracy to violate his constitutional rights. Zhao's claims arose from his arrest and prosecution on a firearm charge that was ultimately dismissed. The district court granted summary judgment to Defendants, concluding that Zhao had not introduced sufficient evidence to create a genuine dispute of material fact. On appeal, Zhao argues that the district court erred in this conclusion and that the court failed to consider the evidence in the light most favorable to him. We affirm.

We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine issue of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). Importantly, however, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted). "[T]he relevant inquiry is whether the evidence presents a

3

sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019) (internal quotation marks omitted).

To succeed on a claim of malicious prosecution under the Fourth Amendment, Zhao was required to demonstrate, *inter alia*, that probable cause did not support his arrest. *See Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012) (finding that a § 1983 claim for malicious prosecution under the Fourth Amendment requires plaintiff to demonstrate that defendants seized him "pursuant to legal process that was not supported by probable cause" (internal quotation marks omitted)). We evaluate probable cause under an objective standard, considering the totality of the circumstances known to the officer at the time of the seizure. *Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017). "Stripped to its essence, the question to be answered is whether an objectively reasonable police officer, placed in the circumstances, had a reasonable ground for belief of guilt that was particularized with respect to the person to be . . . seized." *United States v. Humphries*, 372 F.3d 653, 657-58 (4th Cir. 2004) (internal quotation marks omitted). An officer need not "resolve every doubt about a suspect's guilt before probable cause is established." *Torchinsky v. Siwinski*, 942 F.2d 257, 264 (4th Cir. 1991); *see Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983) ("[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.").

Notably, "[i]t has long . . . been settled by the Supreme Court that an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Durham*, 690 F.3d at 189 (internal quotation marks

4

omitted). "Notwithstanding the conclusive effect of [an] indictment[]," we have stressed that "a grand jury's decision to indict will not shield a police officer who deliberately supplied misleading information that influenced the decision." *Id.* (cleaned up); *see Evans v. Chalmers*, 703 F.3d 636, 647-48 (4th Cir. 2012) (explaining that even where "a prosecutor retains all discretion to seek an indictment," an officer may remain liable if he has misled or pressured the prosecutor). To combat the grand jury's otherwise dispositive finding of probable cause, Zhao asserted that Wilson violated his constitutional right to due process by fabricating evidence and that McClain relied on this fabricated evidence in securing search and arrest warrants.

Upon our review of the record, we conclude that the district court properly found that Zhao failed to identify any evidence supporting his allegations that Wilson knowingly falsified his observations of Zhao. We further find that the district court correctly concluded that Zhao failed to offer more than speculation that Wilson fabricated evidence and that Wilson and McClain conspired to deprive him of a constitutional right. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*